We're here today for oral arguments. We're going to begin with Appeal No. 21-2544, United States v. Francisco Rodriguez. Mr. Van Zandt, let me recognize you first. Good morning. May it please the Court. I think the easiest place to start is with the government's citation to additional authority, which they filed last week. This case is United States v. Howard. This was an Anders brief that was decided by the Court back in October. After reading through the case and seeing the government's arguments on this, I don't see any application here to this case. The issue in the Anders case was whether or not the Wooten analysis actually applied or was waived at sentencing. This case actually brings up a very different question. Mr. Van Zandt, can I ask a question? I know time is short here. Of course. Why is this appeal just not resolved on the fact that at sentencing your client admitted that the offenses were committed on three separate occasions, and that's so obvious from the record that they were committed on three separate occasions? Why is this not a waiver or harmless error issue? The answer, Your Honor, is United States v. Mathis, and part of the issue here is we're not talking about a different occasions analysis necessarily. We're talking about apprending. Say that again. You're talking about what? We're talking about apprending, so we're dealing with a constitutional issue here. So looking back at United States v. Mathis, the problem below is that the district court and the PSR relied on Shepard documents. This is not a situation where, as required by Apprendi, a jury or a defense admission applied to the facts themselves. In this case, Mr. Rodriguez specifically reserved his Apprendi challenge. The concession, as the government calls it below, had to do with the record as it stood in the district court, and that was based on Shepard documents. Now, United States v. Mathis specifically said that part of the problem here is when we rely on Shepard documents, those are concessions by the defendant made years ago, and the defendant should not. This is on page 3 and 4 of the reply brief. In United States v. Mathis, the Supreme Court said that purported facts that are non-elemental, facts in the purported record of prior convictions, are prone to error precisely because their proof is unnecessary. So while I certainly understand the government's point on this, because we are talking about Shepard documents rather than specific findings by a jury and or the court sitting as a fact finder, that's the distinction here. Well, what about Rule 52A? What about Criminal Rule Procedure 52A, the harmless error analysis? Oh, certainly. Now, if we're talking about that, Your Honor, this is also addressed in the reply brief. In this case, because Mr. Rodriguez was sentenced under ACCA, he was sentenced to 180 months. However, his guidelines were actually 130 to 162. There is no reason to believe whatsoever from the record that if this were reversed and sent back for resentencing without ACCA, that he would have been sentenced anywhere near 180 months. Well, wait a minute, though. But wouldn't, if these issues were presented to a jury, there's absolutely, it's totally beyond dispute that any jury would have found that these three offenses were convicted on separate occasions. They were years apart. They had nothing to do with one another. This is a bad factual case for the argument, I guess. And you'd probably concede that, okay? Oh, absolutely. Bad factual case. I certainly wish we had different facts here, Your Honor.  No, I certainly get the point. But I think that the issue here, and this is what kind of came up below when Judge Guzman was pressing trial counsel on this, is this is something that is of constitutional dimension. And this has come up before in Apprendi. When we're talking about Almendarez-Torres, that is a singular exception to the Apprendi Doctrine. So I certainly understand the bad facts point. But this is a situation where the government is obligated to plead and prove this, beyond a reasonable doubt, to a fact finder. That's not Mr. Rodriguez's job. And the government certainly agrees, based on what they said in the other case whose site I'm blanking on right now, that the different occasions clause does fall under Apprendi. It has to be dealt with by a jury. But, Mr. Van Zandt, getting back to the point raised by Judge Kirsch, the defendant had an opportunity to contest the factual statements that were contained in the pre-sentence investigation report. And yet the defendant chose not to do so. In fact, they said, we do not object to the facts. So I guess if a defendant admits the facts, such as during a plea hearing, say, regardless of Apprendi, there's no need for a jury to find the factual predicates of a conviction because he's admitted to it. Why isn't that the scenario here? I guess I'm just trying to understand your distinction. I think that's exactly the right point, Your Honor. Had the defendant admitted to this under oath at the plea hearing, we would be in a very different scenario. So you think there's a difference between the defendant admitting to it under oath versus his attorney, under the rules, basically not objecting to it and admitting to it? That's the issue in the United States v. Mathis, Your Honor. Because we're talking about Shepard documents as opposed to an admission under oath by the defendant. I think that's the fine distinction that we have to make here. I certainly agree that had the defendant admitted under oath at the plea hearing to these prior offenses, we would not even be here. What we're dealing with here is a slightly different issue, and that's because we're dealing with Shepard documents and sentencing. So if the government during the sentencing had said, Judge, we intend to prove the following, and the defense counsel says, Judge, we don't need to go there because we'll stipulate to those facts.  Particularly if we're talking about a contested factual hearing. Now the problem, of course, is that at a sentencing hearing, the standard is different. We're not talking about proof beyond a reasonable doubt. We're talking about preponderance of the evidence for these issues. So with Apprendi, we are talking about beyond a reasonable doubt. And the problem here, of course, is the government did not charge this in the indictment. It was never proved or admitted beyond a reasonable doubt by the defendant himself. If there are no more questions, I know we're short on time, but I'm happy to answer any we have. Otherwise, I'll reserve the remainder. Very good. Thank you, Your Honor. Thank you. We'll now hear from Mr. Kerwin. Good morning, and may it please the Court. Brian Kerwin for the United States. Your Honors, to be clear, it is the government's position that post-Wooden, a jury must find or a defendant must admit that his prior offenses were committed on different occasions before the Armed Career Criminal Act's mandatory minimum can be imposed. Obviously, that's inconsistent with this Court's precedent, including Elliott. It's inconsistent with every other court of appeals decision on this issue, both before and after Wooden, all of which upheld that a judge can do precisely as Judge Guzman did in this case and make that finding himself. But even under DOJ's more conservative view of the Sixth Amendment, there was no factual issue for a jury to decide here, and so there was no constitutional violation. The defendant expressly agreed at his sentencing that his prior convictions were separate offenses that satisfied the different occasions requirement, and he did not object to the facts in the PSR. That agreement not only eliminated the need for a jury determination on the issue, but it separately waived any Sixth Amendment claim on appeal because the only issue that would have been decided by a jury or would have been asked of a jury that would have been impaneled was conceded. Similarly, by pleading guilty to the sole count in the indictment, which expressly charged Mr. Rodriguez with a violation of 18 U.S.C. section 924E, the defendant waived any argument that his language was defective in properly alleging that enhancement. But even if this Court were to adopt DOJ's position and overturn Elliott and find a preserved Sixth Amendment violation on these facts, any error, as Judge Kirsch alluded to, is unquestionably harmless. There can be no reasonable question that defendants' prior offenses were committed on different occasions when each was separated by years and a lengthy prison term. And because any rational jury would have made the same finding that Judge Guzman did, the defendant suffered no prejudice. His substantial rights were not affected under Rule 52, and any error was simply harmless beyond a reasonable doubt. So unless the Court has any questions for the government, I would ask that the Court affirm the conviction and the sentence imposed by the District Court. Thank you. Thank you, Mr. Kerwin. Mr. Van Zandt, any rebuttal? I just briefly argue on the waiver argument. I think two points. First of all, the change of plea hearing, and then the actual sentencing issue. Part of the issue here is that the government is arguing waiver as opposed to forfeiture, and I cannot see whatsoever any reason for trial counsel to waive the legal arguments that she had made in the sentencing memo at the sentencing hearing. And that's part of the issue with waiver here. The government's not asserting that counsel forfeited it by not raising it at all. The government's asserting that counsel affirmatively waived the issue by making a strategic choice, and the government has not identified any such strategic choice at all. Reviewing the sentencing record, what we can see is that counsel was pressing the legal arguments that we're talking about here today, whereas Judge Guzman continually sidestepped those and pressed her on the factual issues on the record before that. So to the extent that the government's arguing waiver, I don't see that as an issue at all in this case. Unless there are any further questions, I think this is adequately addressed in the briefs. Thank you, Mr. Van Zandt, and you have the great thanks of the Court for your acceptance of this appointment, both you and your firm. Thank you. Thank you, Your Honor. Thank you, Mr. Van Zandt. Thank you, Mr. Carwin. The case will be taken under advisement.